**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COLLEEN BROWN,** | : | **Civil Action No.** |
| **165 E Allen Street, Unit 6** | : | |
| **Philadelphia, PA 19125** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **ONCALL HEALTH OF NJ, PC d/b/a** | : | |
| **CAYABA CARE,** | : | |
| **111 S Independence Mall E, Suite 500** | : | |
| **Philadelphia, PA 19106** | : | |
| | : | |
| **30 Ames Avenue** | : | |
| **Rutherford, NJ 07070** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Colleen Brown (hereinafter "Plaintiff"), by and through her attorney, Koller Law,

LLC, bring this civil matter against OnCall Health of NJ, PC d/b/a Cayaba Care (hereinafter

"Defendant"), for violations of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended,

the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act

("PHRA").  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, OnCall Health of NJ, PC is a pregnancy care center with a location at 111 S Independence Mall E, Suite 500, Philadelphia, PA 19106 and with a corporate headquarters located at 30 Ames Avenue, Rutherford, NJ 07070.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PDA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, gender and pregnancy discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-01858 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on the Charge on August 19, 2022.  Plaintiff receive the Right to Sue via electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Caucasian female.

21. On January 4, 2021, Defendant hired Plaintiff in the position of Lead Nurse Practitioner.

22. Plaintiff was well qualified for her position and performed well.

23. As per her job duties, Plaintiff worked alongside Defendant's founders to develop the care model utilized by the company.

24. Thereafter, Plaintiff oversaw a multidisciplinary team of professionals who were responsible for visiting patients' homes to deliver various services.

25. In or around late January 2021, Plaintiff learned that three (3) members of her team had safety concerns regarding their obligation to enter the homes of patients despite not yet having familiarity with the individuals.

26. As a result, Plaintiff shared her team's concerns with Olan Soremekun (Black/Non-Caucasian), Chief Executive Officer.

27. In response to hearing Plaintiff's apprehensions, Mr. Soremekun retorted in an antagonistic fashion, stating that Plaintiff was only raising said issue due to the home visits taking place in predominately non-Caucasian communities.

28. In fact, Mr. Soremekun specifically asserted that Plaintiff would not have raised these concerns had the home visits been taking place in Cherry Hill (predominately Caucasian) instead of Kensington (predominantly non-Caucasian).

29. Importantly, Plaintiff had not referenced the racial composition of the community and merely expressed the valid concerns of her team members.

30. Yet Mr. Soremekun reacted in an accusatory and offensive manner based purely on Plaintiff's race.

31. Furthermore, shortly following said conversation with Mr. Soremekun, Defendant removed employees, including, but not limited to Ivana Taylor, Licensed Social Worker, from Plaintiff's supervision and directed them to not bring any concerns to Plaintiff anymore.

32. Subsequently, in or around May 2021, Defendant excluded Plaintiff from Defendant's company photographs to be used in connection with its website.

33. On or around June 1, 2021, Plaintiff discovered that a presentation prepared by Defendant had excluded Plaintiff.

34. Notable, although Plaintiff was the only member of the clinical team who had actually interacted with all of the patients, she was the only one excluded and was also the only Caucasian employee.

35. Immediately thereafter, Plaintiff registered a complaint of race discrimination with Kit Dobbins, Human Resources Manager, and Mr. Soremekun relating to her exclusion and noting that she was the only Caucasian.

36. Although both Ms. Dobbins and Mr. Soremekun acknowledged that Defendant was engaging in disparate treatment based on Plaintiff's race, Defendant failed and refused to take any corrective action.

37. Throughout June 2021, Plaintiff performed her job duties in an excellent manner and Defendant did not provider her with any negative feedback nor had Plaintiff received any negative performance review through regularly scheduled 1:1 meetings with Mr. Soremekun.

38. On or around June 30, 2021, Plaintiff informed Defendant that she was pregnant.

39. On or around July 12, 2021, Mr. Soremekun informed Plaintiff that Defendant was terminating her employment, allegedly because Defendant was "not a good fit" for Plaintiff.

40. Defendant proceeded to replace Plaintiff with Hajar Muhammad-Gray (African American).

41. It is Plaintiff's position that Defendant's articulated reason for Plaintiff's termination was pretextual and Plaintiff's employment was actually terminated based on her race and/or sex/pregnancy and/or in retaliation for opposing race discrimination in the workplace.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

42. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

43. Plaintiff is a member of protected classes in that she is Caucasian.

44. Plaintiff was qualified to perform the job for which he was hired.

45. Plaintiff suffered adverse job actions, including, but not limited to termination.

46. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

47. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

48. Defendants discriminated against Plaintiff on the basis of race.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (Caucasian).

53. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – PREGNANCY DISCRIMINATION
## <u>PREGNANCY DISCRIMINATION ACT</u>

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a member of a protected class in that she is pregnant.

56. Plaintiff was qualified to perform the job for which she was hired.

57. Defendant terminated Plaintiff's employment.

58. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

59. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

60. Defendant discriminated against Plaintiff on the basis of her pregnancy.

61. Defendant treated non-pregnant employees better than it treated Plaintiff.

62. Defendant has no legitimate non-discriminatory reason for its actions.

63. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – PREGNANCY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff is a member of a protected class in that she is pregnant.

66. Plaintiff was qualified to perform the job for which she was hired.

67. Defendant did not provide Plaintiff with a reasonable accommodation.

68. Defendant terminated Plaintiff.

69. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

70. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

71. Defendant discriminated against Plaintiff on the basis of her pregnancy.

72. Defendant treated non-pregnant employees better than it treated Plaintiff.

73. Defendant has no legitimate non-discriminatory reason for its actions.

74. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT V – GENDER DISCRIMINATION**
**TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED**

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff is a member of protected classes in that she is female.

77. Plaintiff was qualified to perform the job.

78. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

79. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

80. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

81. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

82. Defendant terminated Plaintiff.

83. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – GENDER DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

84. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

85. Plaintiff is a member of protected classes in that she is female.

86. Plaintiff was qualified to perform the job.

87. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

88. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

89. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

90. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

91. Defendant terminated Plaintiff.

92. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. Plaintiff engaged in protected activity protected by Title VII when she complained about race discrimination.

95. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

96. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. Plaintiff engaged in activity protected by the PHRA when she complained race discrimination.

99. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

100. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Colleen Brown, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of Title VII, the PDA and the PHRA.

(j)      Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)      Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)      Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: November 17, 2022          By:  */s/ David M. Koller*
                                 David M. Koller, Esquire (90119)
                                 Jordan D. Santo, Esquire (320573)
                                 2043 Locust Street, Suite 1B
                                 Philadelphia, PA 19103
                                 215-545-8917
                                 davidk@kollerlawfirm.com
                                 jordans@kollerlawfirm.com

                                 *Counsel for Plaintiff*

12